CONSTABEL v. MILLER

(January 5, 1931. Opinion and Decree.)

Richard A. Dowling and Wm. R. Kinsella, of New Orleans, attorneys for plaintiff, appellee.

Daly & Hamlin, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. Mrs. Julia A. Constabel was injured as the result of a collision between two automobiles. The accident happened on February 10, 1930, and in something less than thirty days thereafter Mrs. Constabel died. This suit is brought by her daughter Julia, under article 2315 of the Civil Code, against the defendant, Fred Miller, the owner of the car which collided with the Constabel car.

There was judgment in favor of plaintiff for $2,500, and defendant has appealed.

The collision occurred at the intersection of Washington and South Claiborne avenues in the city of New Orleans. The question of whether the driver of the Constabel car or the driver of the Miller car was at fault depends upon the credibility of the witnesses who testified for the plaintiff when their evidence is opposed to that of those who testified for defendant. One car or the other started prematurely and without waiting for a favorable light from a traffic semaphore which was operated at that intersection. This disputed question of fact was resolved by the district court in favor of the plaintiff, and, notwithstanding the insistence of counsel that its conclusion was erroneous, we arise from our consideration of the record without any conviction of manifest error on its part; consequently, under the authority of many adjudications of the Supreme Court and of this court, the finding in this respect will be approved.

There is one other rather unusual question left for our consideration, and it concerns the contention of defendant to the effect that the death of plaintiff's mother was due to natural causes and not connected with the accident. An autopsy was performed which revealed the fact that Mrs. Constabel, at the time of her death, was afflicted with chronic myocarditis, broncho-

pneumonia, edema of brain, and a healed fracture of the sixth rib on the left side. Only the last finding of the post mortem is said to have had anything to do with the accident, and, as has been stated, the fracture of the sixth rib on the left side was healed at the time of the lady's death.

The testimony of two physicians is in the record, one of them Dr. George Hauser, assistant coroner for the parish of Orleans, who performed the autopsy, and, the other Dr. E. J. De Bergue, who attended Mrs. Constabel. The effect of Dr. Hauser's testimony is simply to establish the facts revealed by the post mortem, without developing any positive opinion as to the effect of the accident as a factor in Mrs. Constabel's death.

Dr. De Bergue, however, was quite certain that the accident was responsible for her death, and the fact that bronchial pneumonia is listed among the other causes of death is most persuasive, for, from our knowledge of other cases, pneumonia is regarded as a likely consequence of traumatic injury. Then, too, Mrs. Constabel was 70 years old, a time of life when it is not to be expected that her heart would escape degeneration. Chronic myocarditis in a person of her age may not have any pathological significance. Moreover she is shown to have been in good health or at least unconscious of the maladies which the post mortem revealed, prior to her injury, and to have been confined to her bed almost continuously thereafter, during which time she grew progressively worse, with the result that she died within thirty days.

We have no difficulty in finding that Mrs. Constabel's death was due to the accident.

The award in this case is very moderate. Plaintiff, Miss Constabel, testified that the expense of burying her mother amounted to $443; that she expended for nurses $126; and that her loss of salary while nursing her mother amounted to $75. Considering the amount of suffering that her mother experienced, no just complaint can be made to the effect that the award is excessive. No effort has been made to have it increased, however; consequently, for the reasons assigned, the judgment appealed from is affirmed.